# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FTF LENDING, LLC,

      Plaintiff,

v.                                           Case No:   6:22-cv-2038-RBD-LHP

PRESTIGE REALTY CONSULTANTS,
INC., CHERON L ANDERSON and
NADIA L ANDERSON,

      Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 34)
>
> **FILED:** March 15, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT PRESTIGE CONSULTANTS, INC. PURSUANT TO FED. R. CIV. P. 55(B) (Doc. No. 35)

> **FILED:** March 15, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT CHERON L. ANDERSON PURSUANT TO FED. R. CIV. P. 55(B) (Doc. No. 36)
>
> **FILED:** March 15, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT NADIA L. ANDERSON PURSUANT TO FED. R. CIV. P. 55(B) (Doc. No. 37)
>
> **FILED:** March 15, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On November 4, 2022, Plaintiff FTF Lending, LLC ("FTF") initiated suit against Defendants Prestige Realty Consultants, Inc. ("Prestige"), Cheron L. Anderson ("Cheron"), and Nadia L. Anderson ("Nadia"), asserting various state law claims related to an alleged breach of a promissory note, guaranty, and

mortgage encumbering a parcel of real property located in Seminole County, Florida.  Doc. No. 1.  The operative pleading is FTF's amended complaint, filed on November 22, 2022, which alleges four claims: (1) breach of promissory note against Prestige (Count I); (2) breach of guaranty against Cheron (Count II); (3) breach of guaranty against Nadia (Count III); and (4) foreclosure of a mortgage against all Defendants (Count IV).  Doc. No. 11.

On December 4, 2022, FTF filed proposed summonses, which the Clerk issued on December 5, 2022.  Doc. Nos. 17–18.  All three Defendants waived service of process, effective December 7, 2022.  Doc. Nos. 20, 23–24.  Accordingly, Defendants were to answer or otherwise respond to the amended complaint on or before February 5, 2023.  *See* Fed. R. Civ. P. 4(d)(3).  However, none of the Defendants answered or responded to the amended complaint by this deadline and have not otherwise appeared in the case.  As such, FTF moved for Clerk's Default, which was granted, and Clerk's Default was entered against each Defendant on February 7, 2023.  Doc. Nos. 25–30.

On March 15, 2023, FTF moved for default judgment against each Defendant, and moved for an award of attorney's fees and costs.  Doc. Nos. 34–37.  With the motions, FTF submitted an Affidavit of Peter Kuclo, the Manager of Asset Management for FTF's Sole Member, Fund That Flip, Inc. (Doc. No. 31), copies of the promissory note, guarantees, and mortgage at issue in this case (Doc. Nos. 31-1

through 31-3), a copy of a specialty warranty deed dated February 15, 2022 for the Longwood Property between Prestige and HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AR5 (Doc. No. 31-4), a September 23, 2022 notice of default sent by FTF to Defendants (Doc. No. 31-5), and a payoff statement reflecting the total amount due and owing as of February 17, 2023 (Doc. No. 31-6).  FTF also attached to its motion for attorney's fees and costs the Declaration of Michael J. Palumbo, and copies of legal invoices from FTF's legal counsel.  Doc. Nos. 34-1, 34-2.

FTF served copies of each of the motions on Defendants.[1]  *See* Doc. No. 34, at 16; Doc. No. 35, at 9; Doc. No. 36, at 7; Doc. No. 37, at 7.  None of the Defendants responded, thus the motions are deemed unopposed.  *See* Local Rule 3.01(a).  The motions have been referred to the undersigned, and upon consideration of FTF's filings, the undersigned requested supplemental briefing on several issues regarding FTF's claimed damages and calculations of same.  Doc. No. 38.  FTF submitted its supplemental briefing, along with the Affidavit of Mark Mitchell on the reasonableness of the requested attorney's fees.  Doc. Nos. 41, 41-1.

---

[1] Service is not required on a party in default for failure to appear.  *See* Fed. R. Civ. P. 5(a)(2).

Upon review of FTF's motions and the supplemental briefing, the undersigned finds several issues remain outstanding such that the motions shall each be denied without prejudice, with leave to refile within 21 days of the date of this Order.

First, none of the motions for default contain a memorandum of law in support as required by Local Rule 3.01(a). *See* Doc. Nos. 35–37. Specifically, the motions do not explain what jurisdiction's law applies to each claim, do not provide the elements for a prima facie case for each claim, and do not explain how the allegations from the amended complaint satisfy each element of each claim. Rather, the motions merely recite the procedural history of the case, and then recite the relief requested, nothing more. Doc. Nos. 35–37. Thus, the undersigned is unable to ascertain whether the well-pleaded factual allegations of the amended complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2] *See also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Entry of default judgment is only warranted

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

when there is a sufficient basis in the pleadings for the judgment entered.") (citations omitted).³

The lack of a memorandum of law is especially concerning because as one of the requested forms of relief, FTF seeks to accelerate payment in full of the promissory note, both guarantees, and the mortgage, including foreclosure on the real property encumbered by the mortgage.  Yet, the amended complaint does not contain any allegations supporting this request (other than alleging that Defendants are in default), and the motions do not demonstrate how such requested relief is legally permissible (under whatever jurisdiction's law applies).  *See* Doc. No. 11.  Moreover, FTF cites to no law from any jurisdiction that governs foreclosures on real property, nor substantiates the various requests it makes with respect to the foreclosure.  FTF's affidavit (Doc. No. 31) cannot cure any of these deficiencies as the undersigned must limit its analysis on the questions of liability and entitlement to relief to the allegations of the amended complaint alone.⁴  *See Pinnacle Towers LLC*

---

³ "Although Rule 55 (b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment."  *Estes Express Lines v. Coverlex, Inc.*, Case No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (*citing Color Events, BV v. Multi Talent Agency, Inc.*, Case No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).  In any event, a party is not entitled to a default judgment merely because a clerk's default has been entered.

⁴ To be sure, the documents attached to the amended complaint are incorporated by reference and may be considered.  *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277

*v. airPowered, LLC*, Case No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint).

Second, despite affording FTF supplemental briefing to further explain and clarify its damages calculations, there remain several outstanding issues and discrepancies. For example, FTF does not support its requested prejudgment interest rate, or explain why it should receive a rate that differs from that permitted by Florida law. *See* Fla. Stat. § 55.03; *IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283, 1299 (M.D. Fla. 2013) (*citing* Fla. Stat. § 687.01). FTF also does not explain why the time period for its requested prejudgment interest as set forth in the supplemental briefing differs from what is alleged in the amended complaint. *Compare* Doc. No. 41, ¶ 21 *with* Doc. No. 11, ¶ 46. In addition, FTF continues to fail to provide evidence to support the hourly rates requested by its attorneys. A self-serving affidavit from FTF's own counsel, and a conclusory, barebones affidavit from another attorney do not suffice. *See* Doc. Nos. 34-1, 41-1. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Joyce v. Federated*

---

(11th Cir. 2016). *See also* Fed. R. Civ. P. 10(c). However, FTF attached 85 pages of documents to its amended complaint, and it is not the Court's responsibility to wade through these documents to make FTF's case for it.

*Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, Case No. 6:10-cv-1445-Orl-22DAB, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012) (*citing Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990)), *report and recommendation adopted*, 2012 WL 695843 (M.D. Fla. Mar. 1, 2012).

Given these issues, it is hereby **ORDERED** that:

1. Plaintiff FTF Lending, LLC's Motions for Default Judgment (Doc. Nos. 35-37) and Motion for Attorney's Fees and Costs (Doc. No. 34) are each **DENIED WITHOUT PREJUDICE**;

2. Plaintiff shall file renewed motions for default judgment and for fees and costs within **twenty-one (21) days** from the date of this Order.  The renewed motions must contain memoranda of law in support that establish the applicable jurisdiction's law for each claim, address each claim as set forth in the amended complaint, including how the allegations of the amended complaint prove each element of each claim, and establish FTF's entitlement to the relief requested — including acceleration of any unpaid balances on the promissory note, guarantees, and/or mortgage, and foreclosure of the real property encumbered by the mortgage.  The renewed motions should contain pinpoint citations to the allegations of the complaint and/or incorporated documents to support the arguments presented.  The renewed motion for fees must also establish, with evidence in support, entitlement to the requested hourly rates.

3. By this same **twenty-one (21) day** deadline, Plaintiff shall either provide updated damages calculations in its renewed motions for default judgment, or state that Plaintiff relies entirely on the previously submitted supplemental brief and attachments thereto (Doc. No. 41).

4. **The failure to comply with this Order in the time provided may result in a recommendation that the case be dismissed for failure to prosecute.**

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties